We are ready now for the last case scheduled for argument. Reverend Juan Jose Brookins v. Patricia Figuccio. Good morning, your eminent honors. I'm honored and thankful to have the opportunity for you today because I was not afforded that opportunity in the district court. My verified civil complaint was summarily dismissed sua sponte without me even having an opportunity to rebut or address the dispositive motions that was filed by the attorney for Ms. Figuccio who had already defaulted from a private administrative process that I submitted to him over a period of several weeks explaining to him that there was already a trust in place that was administering to the minor child and the managing trustee has been sending her checks that she was receiving and cashing and again I don't want to litigate things that should have been discussed in the district court because that's what I'm telling you now that there was already an existing trust in place that was managing the health, education, maintenance, and support of the minor child. The reason that the district court gave for the dismissal of the high enough dollar amount in controversy, that $75,000. I have a complaint right here which says it was asking for $75,000 as damages for the tortious interference. Could you walk us through a little bit how you, like what the damages would consist, how do you get to that figure? Well, essentially, if you're asking me for like a calculation. No, just sort of categories. Well, first of all, it was the egregious, tortious interference. The fact that his client, Attorney Iolenti, was already actively receiving monetary support for the child. And it interfered and interrupted the administration of the trust. And it also breached, because the trust we have is a foreign express trust, it's an ecclesiastic foreign express trust. So it breached the contractual obligations of those who were managing taking care of the child. So just on the premise of the breach, you have the issue of treble damages. So if I was to say, okay, well, she's been paid 25 grand or however many thousands of dollars she would have been paid over the course that she was receiving the money. I would multiply that by three. So if you're asking me what is the justification for the 75,000, it was the breach of the contract and the tortious interference of the contract. Could it be more than that? Arguably, but then again, that would be something, I guess, for the judge's discretion or the jury's, if we were permitted to have a jury trial. But understand also, what the judge ruled in his decision was that it was likely that we would need an attorney to represent the trust. And in the very first paragraph of the complaint, I listed Federal Rules of Procedure Rule 17E, which says that a trustee of an express trust can sue in his own capacity. So with all due respect to Judge Gray, he either did not take into consideration my invocation of 17E as a means for which the trust protector can come in and argue on behalf of the trust. And then taking into account also, he mentioned domestic relations law of the state level, which had nothing to do with my complaint. Because my complaint specifically articulates that this is a contract breach. Because one of the defendants is actually the grantor of the trust, because he engaged in the state level litigation and he had no business doing that because he had already set up a means with which to care for the minor child privately. And the attorney for the child's mother, she was already in communication and receiving payment for the child from the managing trustee. And we have proof of all of that. And I submitted into the court the proof of my communications to her attorney, explaining that there was an active trust dealing with it, and that if he didn't cease and the issues were in terms of whether it was enough money or she needed more money, whatever the issue was. That should have been brought to us privately, and they didn't do that. They sought to seek of the form of a state court in order to undermine what we had already had in place. And one of the other things that judge, in my view, I'm not a trained attorney. I don't assume to know the intricacies of the law or civil procedure. But I am liberate and college educated, so I read and I comprehend very well what the law says. So based on my understanding of the law, the issue of tortious interference, and I delineated all of that within the content and context of the complaint. None of that was even mentioned in the district court judge's dismissal. So he didn't even mention the subject matter pertaining to my causes of action. He only mentioned what Iolanti, the attorney for Mr. Guccio, had submitted to the court. Who incidentally, based on my understanding, was already in default, because he did not respond to my communications with him. Dealing with the fact that he was engaged in interrupting already established trust provision. Okay, I think we understand your argument, Mr. Brookins, and so thank you for coming in and- Well, I would just like to say, to finish up, I thank you again for giving me the opportunity to speak because I was denied that. And part of my reason for the appeal has to do with the fact that I was not given the opportunity to be heard, which is a due process violation. And the judge seemed to me, and this is the impression I got, to be biased because he gave no consideration to any of my pleadings, which were verified. I gave him exhibits to corroborate all of the positions that I expounded upon within the content and context of the complaint. He gave it no consideration. So it is my view, based on that, that he was biased against me or prejudicial or didn't give any consideration to anything I had presented to the court. And only answered to or issued a ruling based on what he received from Iolenti, the attorney for Ms. Faguccio. That was the only thing that he addressed in his dismissal of my complaint. And I would respectfully request that this court reverse that ruling of dismissal and remand it back for further adjudication. Okay, thank you. We'll take all of your arguments under advisement. All right, that concludes our calendar for